**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-30226 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-00120-JCC-1 |
| v. | |
| SON V. TRAN, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Argued and Submitted December 7, 2017
Seattle, Washington

Before: HAWKINS, McKEOWN, and CHRISTEN, Circuit Judges.

Defendant Son Tran ("Tran") appeals his conviction on multiple counts of drug

distribution and conspiracy, following a nine-day jury trial. He contends the court

erred by permitting Detective Brandon James ("James") to testify as both an expert

and percipient witness without properly instructing the jury how to evaluate such

---

[*] This disposition is not appropriate for publication and is not precedent except
as provided by Ninth Circuit Rule 36-3.

"dual role" testimony. *See United States v. Vera*, 770 F.3d 1232, 1246 (9th Cir. 2014).

At trial, there was no objection to James's testimony on this basis and no request for a curative instruction; the alleged error is thus reviewed for plain error, and Tran bears the burden of establishing that any error affected his substantial rights. *United States v. Olano*, 507 U.S. 725, 734 (1993). Even assuming James's testimony impermissibly mixed lay and expert opinions, and that the court erred by not giving the jury a specific instruction on the dual role testimony, Tran cannot establish that the alleged error was prejudicial. There was a plethora of other evidence supporting the convictions, including videos, wiretap recordings, surveillance photos, as well as testimony by both an informant and a co-defendant that largely duplicated the detective's testimony. *See United States v. Torralba-Mendia*, 784 F.3d 652, 661-62 (9th Cir. 2015). The error did not have a reasonable probability of affecting the outcome of the trial. *Id.* at 661.

**AFFIRMED.**